# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BENJAMIN E.J. VANCE, #412850 | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. ELH-14-272 |
| | * | |
| WARDEN BOBBY P. SHEARIN, | * | |
| COLIN OTTEY, M.D. | * | |
| WEXFORD HEALTH SOURCES, INC. | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

Before the court is plaintiff Benjamin E.J. Vance's complaint and motion to proceed in forma pauperis. Vance, who is an inmate at North Branch Correctional Institution ("NBCI'), has filed a civil rights suit complaining of inadequate medical care and unconstitutional conditions of confinement. He requests injunctive relief and damages.

In particular, Vance's claims are: 1) he received inadequate treatment for a rash in his genital area; 2) corrections and medical staff failed to attend to him while he had an asthma attack in his cell; 3) prisoners receive inadequate shower, exercise, and outdoor opportunities; 4) shower facilities are dirty; and 4) clean clothes and bedding need to be provided more regularly. Vance's claim of inadequate medical treatment during his asthma attack shall proceed after supplementation. The remainder of his claims will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

### I. Preliminary Screening

Under 28 U.S.C. § 1915A(a) and (b)(1), the court must screen complaints in civil actions filed by prisoners seeking redress from an officer or employee of a governmental entity and "dismiss the complaint or any portion of the complaint" that the court finds frivolous, malicious

or fails to state a claim upon which relief may be granted." This court is mindful that the pleadings of pro se litigants are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, factual allegations in a complaint must contain "more than labels and conclusions," and the action may be dismissed if the allegations do not provide "enough to raise a right to relief above a speculative level." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007). Further, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal quotation marks & citations omitted); *see also Davis v. Pak,* 856 F.2d 648, 651 (4th Cir. 1988) (federal courts are precluded from exercising jurisdiction when the only federal claim is obviously meritless).

**II.     Claims**

**A. Asthma**

Vance alleges that on September 12, 2013, he had an asthma attack and later passed out from heat exhaustion. His cellmate tried to call a correctional officer, but none was on the tier. *Id*. at 5. A nurse who was distributing morning medication left the tier without checking on him. When Officer Mills, a correctional officer, eventually arrived and was informed of Vance's medical condition, Mills stated help was coming. No medical help arrived, however. Vance asserts this was the second time he was not treated for an asthma attack at NBCI. Vance will be provided an opportunity to provide additional information concerning the alleged failure to provide asthma treatment, as specified in the accompanying Order.

### B. Treatment for Rash

Vance complains that on August 21, 2013, he submitted a sick call request for a rash on his genital area. Complaint, at 2. Vance does not indicate that the rash caused any discomfort. He claims he "contracted some type of bacterial infection" during the time the prison went on a 24-hour lockdown on August 5, 2013, and went without a shower until August 15, 2013. He did not receive a response to his sick call request and submitted another sick call slip on September 5, 2013.

On September 11, 2013, plaintiff explained his rash to Nurse Kristi Cortez, who was outside his cell door. *Id*. at 4. Nurse Cortez told him to keep the affected area clean and dry, promised to provide medication, but did not examine plaintiff. On September 13, 2013, Nurse Vicki Ward delivered medication (tolnafate 15gm 1%) to Vance. When Vance asked about the purpose of the medication, Ward answered "for a fungus."[1] Vance asserts the medication caused further inflammation and "did not work." *Id*. On November 1, 2013, a medical provider examined Vance's rash and prescribed hydrocortisone cream usp 1%. *Id.* Plaintiff states the rash resolved but complains because he has not received any follow-up care. He expresses concern that he has not been given any blood tests. *Id*. at 3. Vance states the rash seems to be reoccurring and conjectures it may be "permanent." *Id*. at 4. He is concerned that he will suffer lasting psychological damage as well. *Id.* at 3.

The Eighth Amendment to the Constitution prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those

---

[1] The medication was prescribed for jock itch. Complaint, Exhibit B (stating Nurse prescribed tolnaftate to treat jock itch).

punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) (*citing Wilson v. Seiter*, 501 U.S.294, 297 (1991)).

In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of defendants (or their failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, plaintiff was suffering from a serious medical need and that, subjectively, the prison staffs were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The second component of proof requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839-40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center,* 58 F. 3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844).

If the requisite subjective knowledge is established, an official may avoid liability if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *Farmer,* 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant

actually knew at the time. *See Brown v. Harris* 240 F. 3d 383 (4th Cir. 2001) (citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)). Further, disagreements between an inmate and a physician over the inmate's proper care do not state a § 1983 claim, unless exceptional circumstances are alleged. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

"[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference". *Johnson v. Quinones* 145 F. 3d 164, 166 (4th Cir. 1998). Without evidence that a doctor linked the presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not present. *Id.* at 169 (actions inconsistent with an effort to hide a serious medical condition refute presence of doctor's subjective knowledge). Mere disagreement with a prescribed course of treatment is insufficient to establish an Eighth Amendment claim of deliberate indifference. *See Russell v. Sheffer*, 528 F. 2d 318, 319 (4th Cir. 1975).

Vance's allegations of fact are that he had a rash around his genital area that was successfully treated with medication. The gravamen of Vance's claim is that he did not receive prompt medical care and his rash, after clearing, now "seems to be recurring." He also complains that his rash was not examined by a doctor. As alleged, these facts fail to show deliberate indifference to a "serious medical need." First, plaintiff provides no reason why the rash constitutes a serious medical need, nor that defendants acted with deliberate indifference to his medical condition. The rash, notwithstanding Vance's self-diagnosis of a "bacterial infection," was successfully treated, albeit not as quickly as Vance would have preferred. Further, Vance has no constitutional right to treatment by a provider of his choice. In sum, these facts do not

5

state a claim of constitutional moment. Consequently, the claim will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.[2]

### C. Conditions of Confinement

Vance next complains that he went without a shower between August 5, 2013, when North Branch Correctional Institution was placed on a 24-hour lock-down, and August 15, 2013. He posits lack of clean bedding and clothing, outdoor exercise, and unclean shower facilities may contribute to the spread of germs and infection in a correctional facility. Vance's concerns about spreading MRSA,[3] staph infection, and scabbies are speculative. Vance does not allege, nor does the record suggest, that he has contracted any of these infections.

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions which are merely restrictive, or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*. To show the imposition of cruel and unusual punishment, a prisoner must prove deprivation of a basic human need that was objectively sufficiently serious and subjectively that officials acted with a sufficiently culpable state of mind. *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991)).

---

[2] The dismissal is without prejudice to Vance's right to refile as to any claims of inadequate medical care with respect to future recurrence of the rash.

[3] Methicillin-resistant staphylococcus aureus infection ("MRSA") is caused by a strain of staph bacteria that has become resistant to commonly used antibiotics. *See* http://www.mayoclinic.org/diseases-conditions/mrsa/basics/ definition/con-20024479.

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U.S. at 298. In other words, "'the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.'" *Brown v. North Carolina Dept. of Corrections,* 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

The objective prong of a conditions claim requires proof of an injury. *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone, supra,* 330 F.3d at 634. Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003).

Imposition of lockdown conditions to maintain prison security falls within the ambit of restrictive conditions that are constitutionally permissible. Plaintiff's inability to participate in recreation or to take showers more than once every week, while harsh, are not conditions that amount to cruel and unusual punishment, particularly where there is no resultant injury alleged. The time frame at issue was brief and the restrictions were implemented pursuant to a security and safety lockdown. Clearly, the deprivations were unpleasant and uncomfortable. But, they were limited in duration and based on legitimate penological concerns. The allegation is not of constitutional magnitude and will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

Vance will be granted twenty-eight days to state when he had his asthma attacks and went without treatment. Vance is instructed to provide the date and place of the incidents, his efforts to obtain medical assistance, whether he sought treatment for his medical concerns after the asthma attacks, and whether he raised his concerns through the Administrative Remedy Procedure ("ARP") process. A separate Order follows, granting Vance additional time to supplement his asthma claim and dismissed his remaining claims, without prejudice.

<u>February 4, 2014</u>  /s/
Date                     Ellen Lipton Hollander
                         United States District Judge